**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| CURTIS GATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:10-cv-0837-SEB-TAB |
| | ) | |
| COOK INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry and Order Directing Dismissal of Action**

This cause is before the court on the employment discrimination complaint of Curtis Gates ("Gates") against Cook Incorporated ("Cook"), on Cook's motion to dismiss, on Gates' response to such motion, and on Cook's reply.

Whereupon the court, having read and examined such complaint, motion, response, and reply, and being duly advised, now finds that the motion to dismiss (dkt 10) must be **granted.** This conclusion is based on the following facts and circumstances:

1. Gates asserts claims pursuant to the Family Medical Leave Act, 29 U.S.C. § 2615(a)(1) ("FMLA"), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a).

2. Cook has filed a motion to dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*.

   a. Rule 8(a) of the *Federal Rules of Civil Procedure* states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Rule 12(b)(6) authorizes dismissal of complaints that state no actionable claim.

   b. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Conversely, "a plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008); *see also Jones v. Bock,* 127 S. Ct. 910, 921 (2007)("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief.").

3. The FMLA entitles an "eligible employee" to "a total of 12 workweeks of leave during any 12-month period" for the care of a newborn son or daughter; for the care of a spouse, parent, son, or daughter with a "serious health condition"; and/or for the employee's own "serious health condition that makes the employee unable to perform [his or her work] functions." 29 U.S.C. § 2612(a)(1). An "eligible employee" is one with at least one year of employment with the employer, and who worked a minimum of 1,250 hours during the twelve months prior to the first day requested for leave. Id. § 2611(2)(A); see 29 C.F.R. § 825.111.

4. Gates worked for Cook from January 28, 2008, until December 15, 2008. Because he was not employed for at least 12 months, he was not an eligible employee and could claim no rights or benefits under the FMLA. The minimum number of hours worked is not an alternative factor conferring eligibility; the state requires both at least the minimum number of hours worked and at least one year of employment with the employer. Gates therefore has no claim based on the FMLA.

5. As to the Title VII claim, under Title VII, a plaintiff must file a complaint in court within 90 days of receiving notice of the right to sue from the Equal Employment Opportunity Commission. 42 U.S.C. § 2000e-5 (f)(1); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001).

   a. The time limit is not flexible, and even a brief delinquency can be fatal. *Jones v. Madison Service Corp.*, 744 F.2d 1309 (7th Cir. 1984) (action time-barred when filed 92 days after notice received); *Coulibaly v. T.G.I. Friday's, Inc.*, 623 F. Supp. 860, 863 (S.D.Ind. 1985) (action time-barred when filed 97 days after notice received).

   b. The 90 days begins to run upon plaintiff's "actual receipt" of the notice. 42 U.S.C. § 2000e-5(e)(1).

   c. It is undisputed that Gates received his right to sue notice on March 31, 2010. He filed his complaint 91 days later, on June 30, 2010. The 1-day delay is fatal to the Title VII claim, and Gates does not argue otherwise. *See County of McHenry v. Ins. Co. of the West,* 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.") (internal quotations omitted).

Based on the foregoing, therefore, Cook's motion to dismiss (dkt 10) is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/20/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana